```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

JAMES M. GOODMAN,                    *
                                     *
Plaintiff,                           *
                                     *
v.                                   *    CASE NO. 4:04-CV-117 (CDL)
                                     *
NEW HORIZONS COMMUNITY SERVICE       *
BOARD, PERRY ALEXANDER, DANA         *
GLASS, KUWONA INGRAM, SHERMAN        *
WHITFIELD,                           *
                                     *
Defendants.                          *

## O R D E R

The Court presently has pending before it Plaintiff's motion for discovery and sanctions against the Defendants. Defendants respond that Plaintiff's motion is frivolous, that it should be denied, and that Plaintiff should be sanctioned for his continued frivolous conduct during discovery.

Plaintiff's persistent zealous advocacy has degenerated during the course of this litigation to stubborn litigiousness which has now finally culminated in the intentional disregard of proper discovery procedures, including the willful violation of this Court's discovery orders. Since lesser sanctions are inadequate to deter Plaintiff's unacceptable conduct, the Court after careful consideration imposes the ultimate sanction and dismisses Plaintiff's Complaint with prejudice.

**I.   BACKGROUND**

Plaintiff filed the instant action in September 2004, alleging that Defendants had discriminated against him based on his race and sex, in violation of Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[1]  Plaintiff contends that as an employee of Defendant New Horizons Community Service Board, he was treated less favorably than his white and female co-workers.  Once Plaintiff complained about his treatment, he alleges that he was terminated in retaliation.[2]

In his first motion to compel, filed February 23, 2005, Plaintiff charged that Defendants' responses to his interrogatories were inadequate.  After review of the parties' briefs and Defendants' responses to Plaintiff's interrogatories, the Court determined that Defendants had provided sufficient responses in compliance with the Federal Rules of Civil Procedure and denied Plaintiff's motion.

Just a few days after the issuance of that Order, Plaintiff filed his second motion to compel, based on virtually the same grounds as his first motion.  Shortly thereafter, Defendants filed a motion to quash Plaintiff's notice of depositions.  In an effort to resolve the ongoing difficulties with discovery in the case, the Court stayed discovery and scheduled a hearing for June 1, 2005, to address the

---

[1]Although Plaintiff is proceeding *pro se* in this action, he is not inexperienced in federal employment litigation, having filed at least one other federal lawsuit against a previous employer, which case is presently pending in the Court of Appeals.

[2]Although not relevant to the Court's ruling in this Order, the Court does observe that the decision makers who Plaintiff alleges discriminated against him because of his race are all the same race as Plaintiff.

outstanding discovery disputes.  At that time, the parties were able to narrow Plaintiff's discovery requests to relevant material and come to an agreement on how to arrange for the many depositions Plaintiff sought to take, which Plaintiff had previously improperly noticed.

Unfortunately, this apparent resolution was short-lived. Plaintiff filed a Motion for Sanctions on June 21, 2005, alleging that Defendants had failed to comply with the Court's June 1 Order by failing to inform him in a timely manner of convenient dates for depositions and by not providing him with requested documents.  The Court convened a telephone conference to address the issues raised by Plaintiff and found that the positions taken by Plaintiff were once again frivolous.  Defendants also made the Court aware at that time that Plaintiff had failed to produce many of the documents they had requested.  At that time, the Court ordered Plaintiff to produce the requested documents or risk dismissal of his Complaint.  The Court also warned Plaintiff that while he was entitled to object to Defendants' discovery requests on legitimate legal grounds, any further frivolous objections would lead the Court to consider sanctions, including the most severe penalty of dismissal.

Notwithstanding the Court's clear warnings that further inappropriate conduct during discovery would not be tolerated, Plaintiff has now filed a supplement to his motion for sanctions, which also includes objections to Defendants' subpoena duces tecum. Plaintiff's objections are frivolous, and his motion is essentially

3

a rehashing of previous issues that the Court has deemed frivolous. It is clear that Plaintiff has demonstrated a complete lack of respect for the rules of discovery and for this Court's discovery orders. The Court has attempted to address these discovery issues in a manner that would result in their resolution without the imposition of serious sanctions against the Plaintiff. However, it has now become readily apparent that only the most serious sanction will deter Plaintiff's continued misconduct.

**II.  DISCUSSION**

It is beyond dispute that the Court has the authority to sanction Plaintiff for his misconduct. That authority is derived from the Court's inherent authority to manage and control the cases before it, *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1447 (11th Cir. 1985), as well as statutory authority contained in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(g), 37(b)(2).

Specifically, Rule 37 authorizes the imposition of sanctions where "a party fails to obey an order to provide or permit discovery."[3] Fed. R. Civ. P. 37(b)(2). The most severe sanction of dismissal or default judgment is authorized for those cases where a party has willfully or in bad faith refused to obey a discovery order. *Malautea*, 987 F.2d at 1542. Generally, it is a sanction of last

---

[3] Some of the orders of the Court in this case were issued orally. Oral discovery orders are "a valid basis for Rule 37 sanctions." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 n.7 (11th Cir. 1993).

4

resort, to be used only if "lesser sanctions will [not] suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988).

In this case, this severe sanction is warranted. Notwithstanding repeated instructions from the Court and multiple warnings, Plaintiff has continued to file frivolous objections to Defendants' attempts at legitimate discovery. In addition, despite the Court's rejection of Plaintiff's objections, Plaintiff inexplicably files the same unsuccessful motions, arguing positions that the Court has already determined to be frivolous. This misconduct, in addition to demonstrating a complete lack of respect for this Court's orders, also needlessly delays and complicates the progress of discovery in this case. The Court finds that Plaintiff's violation of this Court's orders is not a matter of negligence, misunderstanding, or inability to comply; his violations are the direct result of his deliberate intention to *not* cooperate. The Court concludes no sanction other than dismissal will adequately deter Plaintiff from continuing to engage in a willful failure to comply with the Court's orders and the Federal Rules of Civil Procedure. Accordingly, Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED, this 28th day of July, 2005.

                                               S/Clay D. Land
                                                        CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE